## McCULLOUGH v. GRAHAM.

CONSTITUTION—STOCK LAW.—A STATUTE enacted before the Constitution of 1895 and constitutional when enacted, does not conflict with the provisions of that Constitution, as they are prospective; hence the acts 18 Stat., 238, 513, 867, exempting parts of Williamsburg County from general stock law, are not violative of Constitution of 1895 in providing for taxation of stock to build and repair line fences.

Before WATTS, J., Williamsburg, November, 1903. Reversed.

Action by W. B. McCullough, R. J. Bryan *et al.* against J. J. Graham, supervisor, D. B. Blakely and S. J. Singletary, county commissioners, and G. W. Johnson, treasurer. From Circuit decree overruling demurrer, defendants appeal.

*Mr. Le Roy Lee,* for appellants, cites: *Exaction here is not a tax:* 92 Ky., 92; 58 Me., 591; 2 Dutch., 398; 41 Am. Dec., 337; 2 Wash., 668; 60 Conn., 116; 36 Conn., 262; 24 N. J., 4; 150 Pa. St., 118; 3 Dutch., 46, 185; 7 Md., 517. *The purpose is within sec. 6, of art. X.:* 1 Desty on Tax, 182; 78 N. C., 119; 68 S. C., 339. *Exemption is not unconstitutional:* 62 S. C., 524; 30 S. C., 365. *Presumption is in favor of the act:* 15 S. C., 582; 21 S. C., 476; 41 S. C., 233.

*Messrs. Stoll & Stoll,* contra, cite: *Sec. 6, of art. X., repealed inconsistent laws:* 54 S. C., 251, 277, 344; 47 S. C., 173.

November 9, 1904. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiffs, as taxpayers, sought to enjoin the supervisor, the county commissioners and treasurer of Williamsburg County from levying and collecting taxes authorized by the acts of the General Assembly, approved December 23, 1882, December 24, 1883, and December 26, 1884 (18 Stat., 238, 513, 867), which purport to exempt, among others, certain townships in Williamsburg County from the operation of the general stock law, and provide for the erection and maintenance of a fence separating such townships from the section subject to the general stock law, and for levying and collecting taxes for this purpose upon the assessed value of all cattle, hogs, sheep, dogs and goats embraced in the exempted sections.

From 1883 up to the commencement of this action, in November, 1903, taxes have been levied and collected under these statutes without question. The plaintiffs now assail the statutes as in conflict with art. X., sec. 6, of the Constitution, which provides that "The General Assembly shall not have power to authorize any county or township to levy a tax for any purpose except for educational purposes, to build and repair public roads, buildings and bridges, to maintain and support prisoners, pay jurors, county officers, and for litigation, quarantine and court expenses, and for ordinary county purposes, to support paupers and pay past indebtedness," and with art. XVII., sec. 11, paragraph 3, of the Constitution, which provides as follows: "The provisions of all laws which are inconsistent with this Constitution, shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them shall remain in force until such legislation is had." Upon a demurrer to the complaint, the Circuit Judge, Watts, overruled same, and adjudged the said statute void, as in conflict with the said provisions of the Constitution, and granted the injunction. This appeal questions the correctness of this ruling.

We think the Court erred.    Art. X., sec. 6, above quoted, is not retrospective but relates to future action by the General Assembly.    Constitutions, like statutes, must be construed as acting prospectively, unless a contrary intent appears by express language or necessary implication.    *Ex parte Jeter,* 64 S. C., 407.    In the case of *State* v. *Tucker,* 54 S. C., 253, it was held that art. XVII., sec. 11, subdivision 3, did not repeal local or special legislation in force at the time of the adoption of the Constitution, because the provisions of the Constitution against local or special legislation, art. III., sec. 34, were prospective.    In art. XVII., sec. 11, subdivision 1, of the Constitution, it is provided, "That all laws in force in this State at the time of the adoption of this Constitution, not inconsistent therewith, and constitutional when enacted, shall remain in full force until altered or repealed by the General Assembly or expire of their own limitation."    It is not suggested that the statutes in question were unconstitutional when enacted, and it is impossible for an act of the legislature, having the force of law, to be declared repugnant to a constitutional provision subsequently adopted, and having prospective operation only.

The judgment of the Circuit Court is reversed.